UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

――――――――――――――――――――――――x

TIGER SOURCING (HK) LIMITED,

                Plaintiff,                08 Civ. 3846 (CLB)

     v.

GMAC COMMERCIAL FINANCE CORPORATION F/K/A
GMAC COMMERCIAL FINANCE-CANADA AND
SUMMIT BRIDGE NATIONAL INVESTMENTS, LLC,

                Defendants.

――――――――――――――――――――――――x


**MEMORANDUM OF LAW IN SUPPORT OF MOTION
BY GMAC COMMERCIAL FINANCE CORPORATION-CANADA
TO DISMISS THE COMPLAINT FOR
LACK OF SUBJECT MATTER JURISDICTION**


Of Counsel:   Richard G. Haddad
                  Andrew S. Halpern


OTTERBOURG, STEINDLER, HOUSTON & ROSEN, P.C.
Attorneys for Defendant GMAC Commercial Finance Corporation-Canada
230 Park Avenue
New York, New York 10169-0075
(212) 661-9100

1049887.1

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ...................................................................................... ii

PRELIMINARY STATEMENT ................................................................................. 1

THE FACTS .............................................................................................................. 3

ARGUMENT:   BECAUSE THE SOLE PLAINTIFF IS AN ALIEN
AND THERE IS AN ALIEN DEFENDANT,
THERE IS NO DIVERSITY AND THIS COURT
LACKS SUBJECT MATTER JURISDICTION ............................... 4

CONCLUSION .......................................................................................................... 7

## TABLE OF AUTHORITIES

Page

Cases

Cabalceta v. Standard Fruit Co., 883 F.2d 1553 (11th Cir. 1989) ............................................... 5

Corporacion Venezolana de Fomento v. Vinterio Sales Corp., 629 F.2d 786
    (2d Cir. 1980), cert. denied, 449 U.S. 1080 (1981) ............................................................ 2, 5

Ed and Fred, Inc. v. Puritan Marine Insurance Underwriters Corp., 506 F.2d 757
    (5th Cir. 1975) ....................................................................................................................... 4

Fosen v. United Technologies Corp., 784 F. Supp. 490 (S.D.N.Y.),
    aff'd, 633 F.2d 203 (2d Cir. 1980) ........................................................................................ 5

Hercules, Inc. v. Dynamic Export Corp., 71 F.R.D. 101 (S.D.N.Y. 1976) ............................... 4-5

IGY Ocean Bay Properties Ltd. v. Ocean Bay Properties I, Ltd.,
    534 F. Supp. 2d 446 (S.D.N.Y. 2008) .......................................................................... 2, 3, 5, 6

IIT v. Vencat Limited, 519 F.2d 1001 (2d Cir. 1975) .................................................................. 4

Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 119 S. Ct. 1563 (1999) ............................... 2, 4

Universal Licensing Corp. v. Paola del Lungo S.p.A., 293 F.3d 579
    (2d Cir. 2002) .................................................................................................................. 2, 3, 6

Statutes and Rules

28 U.S.C § 1332 .............................................................................................. 1, 2, 4, 5, 6

Fed. R. Civ. P. 12(b) ............................................................................................................ 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x

TIGER SOURCING (HK) LIMITED,

                Plaintiff,          08 Civ. 3846 (CLB)

      v.

GMAC COMMERCIAL FINANCE CORPORATION F/K/A
GMAC COMMERCIAL FINANCE-CANADA AND
SUMMIT BRIDGE NATIONAL INVESTMENTS, LLC,

                Defendants.

--------------------------------------------------------------x

## MEMORANDUM OF LAW IN SUPPORT OF MOTION BY GMAC COMMERCIAL FINANCE CORPORATION-CANADA TO DISMISS THE COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION

Defendant GMAC Commercial Finance Corporation-Canada ("GMAC CF-Canada"), incorrectly named herein as "GMAC Commercial Finance Corporation f/k/a GMAC Commercial Finance Canada," respectfully submits this Memorandum of Law in Support of its Motion to Dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 28 U.S.C § 1332 for lack of subject matter jurisdiction due to the absence of complete diversity of citizenship between plaintiff and defendants.

## PRELIMINARY STATEMENT

This action, consisting of one plaintiff and two defendants, presents the following scenario: Alien vs. Alien and Citizen. Under well-settled authority, including recent decisions

1049887.1

from this Court, this line-up does not present complete diversity and therefore this Court lacks subject matter jurisdiction.

This is an action for breach of contract. The parties to the contract are plaintiff, Tiger Sourcing (HK) Limited ("Tiger"), a Hong Kong corporation, and defendant GMAC CF-Canada. One-and-one-half years after the execution of the contract, GMAC CF-Canada assigned its interests in the underlying transaction to defendant, Summit Bridge National Investments, LLC ("Summit"), a Delaware limited liability company. Because the only plaintiff is an alien, and one of the defendants, GMAC CF-Canada, is an alien, complete diversity is lacking and the action should be dismissed.

28 U.S.C § 1332(a)(2) provides for federal court jurisdiction in cases between aliens and citizens. Cases between aliens on one side and aliens and citizens on the other do not comport with the statute. See, e.g., Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 119 S. Ct. 1563, 1572 at fn.1 and 2 (1999); Universal Licensing Corp. v. Paola del Lungo S.p.A., 293 F.3d 579, 580-81 (2d Cir. 2002); Corporacion Venezolana de Fomento v. Vinterio Sales Corp., 629 F.2d 786, 790 (2d Cir. 1980), cert. denied, 449 U.S. 1080 (1981). More recently, the rule that an alien on both sides of the caption defeats diversity jurisdiction was articulated by Judge Marrero of this Court in IGY Ocean Bay Properties Ltd. v. Ocean Bay Properties I, Ltd., 534 F. Supp. 2d 446 (S.D.N.Y. 2008). In IGY, the Court held that diversity jurisdiction was lacking where a Bahamian plaintiff and a Cayman plaintiff sued alien corporations and a citizen of Florida. The same rule applies here and requires a dismissal for lack of diversity jurisdiction.

We understand that plaintiff may try to argue that diversity exists because GMAC CF-Canada has no offices in Canada, and runs its business out of offices in the United States. However, the rule is clear that even if the alien's principal place of business is located

within the United States, its citizenship is to be considered dual, namely that of the foreign country, as well as where its principal place of business is located. As in <u>Universal Licensing</u> and <u>IGY</u>, these facts mandate dismissal.

## THE FACTS

The facts necessary to determine the Motion are set forth in the accompanying Affidavit of Jeffrey A. Dowd (the "Dowd Affidavit"), a Director of GMAC CF-Canada. For the convenience of the Court, the relevant facts are summarized here.

This is an action for breach of contract in connection with a Subordination Agreement between GMAC CF-Canada and Tiger dated May 3, 2005. While GMAC CF-Canada denies any and all liability under the Subordination Agreement, and denies the material allegations of the Complaint, those issues are not before the Court.

What is before the Court, as set forth in the Dowd Affidavit, is the fact that GMAC CF-Canada is, and has been at all relevant times, a corporation organized and existing under Canadian law. It is incorporated in Canada, and remains registered and licensed to do business in Canada. GMAC CF-Canada continues to do business in Canada, although its officers and directors are located in the United States, primarily in Michigan and New York.

Contrary to the suggestion in the Summons and Complaint, GMAC CF-Canada did not change its name to "GMAC Commercial Finance Corporation," nor is an entity named "GMAC Commercial Finance Corporation" the successor to, or principal or parent of, GMAC CF-Canada.

On or about December 22, 2006, GMAC CF-Canada assigned its interests in the underlying transaction to defendant Summit.

# ARGUMENT

## BECAUSE THE SOLE PLAINTIFF IS AN ALIEN AND THERE IS AN ALIEN DEFENDANT, THERE IS NO DIVERSITY AND THIS COURT LACKS SUBJECT MATTER JURISDICTION

28 U.S.C. §1332(a) provides in relevant part that:

> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between --
>
> (1) citizens of different States;
>
> (2) citizens of a State and citizens of a foreign state;
>
> (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties ..."

Regardless of whether subdivision (2) or (3) of 28 U.S.C. § 1332 is considered, it is clear that diversity is lacking.

Section 1332(a)(2) grants jurisdiction in cases between citizens and aliens. However, cases between aliens on one side and aliens and citizens on the other do not fit within Section 1332(a)(2). For example, in Ruhrgas, 119 S. Ct. at 1572, fn.1 and 2, supra, the plaintiffs were two Texas corporations and one Norwegian corporation, while the defendant was a German corporation. There, the Supreme Court stated that the presence of an alien on both sides of an action renders diversity incomplete. Similarly, in Ed and Fred, Inc. v. Puritan Marine Insurance Underwriters Corp., 506 F.2d 757 (5th Cir. 1975), an alien brought an action against a citizen of a state and another alien to collect on a marine insurance policy, the very same lineup we have in this case. There, the Fifth Circuit reasoned that diversity citizenship was incomplete due to the presence of an alien on both sides of the action, although there was a federal question in that case. This proposition has been widely accepted. See, e.g., IIT v. Vencat Limited, 519 F.2d 1001, 1015 (2d Cir. 1975); Hercules, Inc. v. Dynamic Export Corp., 71 F.R.D. 101, 106

(S.D.N.Y. 1976). See also Cabalceta v. Standard Fruit Co., 883 F.2d 1553, 1557 (11th Cir. 1989) ("the presence of at least one alien on both sides of an action destroys diversity").

Nor does subdivision (a)(3) of 28 U.S.C. § 1332 allow for diversity jurisdiction here. The Second Circuit has repeatedly held that when there are aliens on both sides of a dispute and no citizens on the plaintiff side of the action, diversity is incomplete. See, e.g., Corporacion Venezolana, supra, 629 F.2d at 790; Fosen v. United Technologies Corp., 784 F. Supp. 490, 495 (S.D.N.Y.), aff'd, 633 F.2d 203 (2d Cir. 1980) (finding no diversity jurisdiction in suit by Norwegian plaintiffs against Japanese and United States defendants).

In Corporacion Venezolana, the sole plaintiff was a Venezuelan corporation, while the defendants consisted of a Swiss corporation and a United States corporation, among others. Due to the fact that alien corporations were on both sides of the action, diversity was incomplete.

In IGY, 534 F. Supp. 2d at 448-50, supra, Judge Marrero provided a compelling analysis of the diversity considerations where there are only aliens on one side of the action and aliens and citizens on the other. Importantly, the Court extended the analysis to consider a scenario where the alien corporation was alleged to have its principal place of business in the United States. The Court observed that the diversity test must be satisfied under both citizenships for an alien corporation with dual citizenship, whether the analysis is under 28 U.S.C. § 1332 (a)(2) or (a)(3). Thus, that GMAC CF-Canada is alleged to have no physical office or telephone number in Canada, and manages its Canadian operations from the United States, does not change the analysis. Even under such a scenario, GMAC CF-Canada would be deemed both an alien and a citizen of the state in which it has its principal place of business.

Under that scenario, as the IGY decision holds, diversity is lacking and no federal subject matter jurisdiction can be found.

Indeed, in Universal Licensing Corp. v. Paola del Lungo S.p.A., supra, 293 F.3d at 580-81 (2d Cir. 2002), the Second Circuit held:

> For purposes of §1332 (a)(2) and (3), "'[e]ven if a corporation organized under the laws of a foreign nation maintains its principal place of business in a State, and is considered a citizen of that State, diversity [i]s nonetheless defeated if another alien party is present on the other side of the litigation.'" [Citations omitted.]

Here, the plaintiff is a Hong Kong corporation, and one of the defendants is a Canadian corporation, albeit one that does business in the United States, but such additional citizenship does not create diversity under any subsection of 28 U.S.C. § 1332. Under the rule articulated in Universal Licensing and in IGY, there is no complete diversity and this action must be dismissed.

## **CONCLUSION**

By reason of all of the foregoing, it is respectfully requested that the Court dismiss the action for lack of federal subject matter jurisdiction, with costs.

Dated: New York, New York
      June 12, 2008

                              Respectfully submitted,

                              OTTERBOURG, STEINDLER, HOUSTON
                                & ROSEN, P.C.

                                    /s/ Richard G. Haddad
                            By: _____
                                Richard G. Haddad (RH 6438)
                                A Member of the Firm
                            Attorneys for Defendant
                            GMAC Commercial Finance Corporation-Canada
                            230 Park Avenue
                            New York, New York 10169-0075
                            (212) 661-9100

Of Counsel:   Richard G. Haddad
                   Andrew S. Halpern